| **Jaya v 25 Park LLC** |
|:---:|
| 2025 NY Slip Op 32161(U) |
| June 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153961/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

| | |
|---|---|
| PART | 33M |

---------------------------------------------------------------X

JEFFERSON BUSTAMANTE JAYA,

Plaintiff,

- v -

25 PARK LLC,25 PARK CORP., WILLIAMS EQUITIES LLC,COLLIERS INTERNATIONAL NY LLC,COLLIERS TRI-STATE MANAGEMENT LLC,NEUEHOUSE LLC,NEUEHOUSE MADISON SQUARE LLC,NEUEHOUSE NEW YORK HQ LLC,NEUEHOUSE MANAGEMENT LLC,FOTOGRAFISKA NEUEHOUSE, INC.,CULTUREWORKS, INC.,KAWNEER COMPANY, INC.,KILROY ARCHITECTURAL WINDOWS, INC.,

Defendant.

---------------------------------------------------------------X

25 PARK LLC, 25 PARK CORP., WILLIAMS EQUITIES LLC, COLLIERS INTERNATIONAL NY LLC, COLLIERS TRI-STATE MANAGEMENT LLC

Plaintiff,

-against-

CONTINENTAL WINDOW CLEANING INC.

Defendant.

---------------------------------------------------------------X

25 PARK LLC, 25 PARK CORP., COLLIERS INTERNATIONAL NY LLC, COLLIERS TRI-STATE MANAGEMENT LLC

Plaintiff,

-against-

KAWNEER COMPANY, INC., KILROY ARCHITECTURAL WINDOWS, INC.

Defendant.

---------------------------------------------------------------X

25 PARK LLC, 25 PARK CORP., WILLIAMS EQUITIES LLC, COLLIERS INTERNATIONAL NY LLC, COLLIERS TRI-STATE

| | |
|---|---|
| INDEX NO. | 153961/2022 |
| MOTION DATE | 08/21/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595014/2023

Second Third-Party
Index No. 595457/2023

Third Third-Party
Index No. 595634/2023

MANAGEMENT LLC

                                 Plaintiff,

                    -against-

KILROY ARCHITECTURAL WINDOWS

                                 Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 118, 119, 120, 121, 122, 123, 124, 151, 152, 153, 159, 160, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216

were read on this motion to/for          _____SUMMARY JUDGMENT(AFTER JOINDER____.

Upon the foregoing documents, and after a final submission date of April 29, 2025, Third-Party Defendant Continental Window Cleaning Inc.'s ("Continental") motion for summary judgment dismissing all claims, third-party claims, crossclaims, and counterclaims asserted against it is granted.

## I.    Background

Non-party Metropolitan Window Washing ("Metropolitan") employed Plaintiff as a window washer. On April 13, 2022, Plaintiff was washing a window on the 11th floor of the building located at 104 East 25th Street, New York, New York (the "Building") when the top sash of the window fell and severed Plaintiff's finger. Allegedly, the pivot bars on the window were broken. Metropolitan was a subcontractor of third-party defendant Continental Window Cleaning, Inc. ("Continental"). Continental was in turn contracted by the owner of the Building, Defendant 25 Park LLC (NYSCEF Doc. 203). Now, Continental seeks summary judgment dismissing all claims and crossclaims asserted against it. The only party to oppose Continental's motion is Defendants/Third-Party Plaintiffs/Second Third-Party Plaintiffs 25 Park LLC, 25 Park Corp., Williams Equities LLC, Colliers International NY LLC and Colliers Tri-state/Management LLC (collectively "Owner Defendants").

[* 2]

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Continental's motion for summary judgment is granted. The Owner Defendants' opposition hinges solely on Continental's alleged failure to ensure Plaintiff was properly trained how to open windows and failure to properly supervise Plaintiff, who was an employee of Continental's subcontractor. However, this opposition relies solely on the Owner Defendants' attorneys' assertions, which are not entitled to any probative value. Nor do the Owner Defendants' rebut Plaintiff's deposition testimony, that his employer trained him how to open windows properly.

Moreover, the Owner Defendants fail to offer any rebuttal to Continental's expert affirmation. Continental's expert opined that it was the Owner Defendants' employee who was responsible for repairing and maintaining the window which injured Plaintiff. Continental, as a window washing company, had no responsibility for repair and maintain the window in such a way to prevent Plaintiff's injury (NYSCEF Doc. 123). Indeed, Continental's expert, who observed the window at issue, opined that the accident was caused by a mechanical failure of the window, which has nothing to do with window cleaning services, and the alleged defect – a broken pivot

bar – would be difficult, if not impossible to discover from a visual inspection. Based on this record, the lack of opposition from Plaintiff and other parties, and the Owner Defendants' failure to raise a material issue of fact, Continental's motion for summary judgment dismissing all claims and crossclaims asserted against it is granted.

Accordingly, it is hereby,

ORDERED that Defendant Continental Window Cleaning Inc.'s motion for summary judgment dismissing all claims, third-party claims, crossclaims, and counterclaims asserted against it is granted; and it is further

ORDERED that within ten days of entry, counsel for Defendant Continental Window Cleaning Inc. shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/18/2025 | | | | *M*, *V R*oado  JSC | |
|-----------|---|---|---|----------|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|--------------------------|---|
| | ☒ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 4]